**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re: | Bk. No. 05-12831-JMD |
| | Chapter 7 |
| Amherst Technologies, LLC, et al.,[1] | |
| Debtors | Jointly Administered |
| | |
| Olga L. Bogdanov, Chapter 7 Trustee of Amherst Technologies, LLC, et al., | |
| Plaintiff | |
| | |
| v. | Adv. No. 06-1193-JMD |
| | |
| Video Corporation of America, | |
| Defendant | |

## REPORT REGARDING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO 28 U.S.C. § 157(c)(1)

### I. INTRODUCTION

On July 11, 2006, Olga L. Bogdanov (the "Trustee" or "Plaintiff"), the chapter 7 trustee for Amherst Technologies, LLC, and related debtors (collectively, the "Debtors"), filed an adversary proceeding in the United States Bankruptcy Court for the District of New Hampshire (the "Bankruptcy Court" or "Court") against Video Corporation of America (the "Defendant") pursuant to 11 U.S.C. § 542 seeking the turnover of prepetition and postpetition accounts receivable (Doc. No. 1) (the "Complaint"). A Summons and Notice of Pretrial Conference (Doc. No. 2) (the "Summons") was issued on July 14, 2006, requiring an answer or responsive pleading be filed by August 14, 2006, and scheduling a pretrial conference for September 13,

---

[1] The related debtors are the following entities: Amherst, LLC, Bk. No. 05-12833-JMD; Technology Consulting Services, Inc., Bk. No. 05-12834-JMD; Amherst Distribution Services, LLC, Bk. No. 05-12835-JMD; AmherstGOV, LLC, Bk. No. 05-12837-JMD; Amherst Computer Products SouthWest, LP, Bk. No. 05-12838-JMD; AmherstSE, LLC, Bk. No. 05-12839-JMD; Amherst LA, LLC, Bk. No. 05-12840-JMD; AmherstWest, LLC, Bk. No. 05-12841-JMD; ACP Sales, LLC, Bk. No. 05-12842-JMD; and ACP SalesSE, LLC, Bk. No. 05-12843-JMD.

2006. The Defendant was properly served with a summons and a copy of the Complaint on July 17, 2006 (Doc. No. 4). The Court held a pretrial conference on September 13, 2006 (Doc. Nos. 2 and 6). As of that date the Defendant's controller had filed a written response to the Complaint but such response was not in the form of answer as required by Federal Rule of Civil Procedure 8(b), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7008, and it did not admit or deny Plaintiff's allegation that this is a core proceeding, which is required by Federal Rule of Bankruptcy Procedure 7012(b) (Doc. No. 7). The Court ordered the Defendant to retain an attorney and to file an amended answer containing a statement admitting or denying core status (Doc. No. 7). The Court indicated that the Defendant's failure to comply would result in a default being entered (Doc. No. 7). The Court further continued the pretrial hearing to November 9, 2006 (Doc. No. 7). The Defendant failed to comply with the Court's order and, accordingly, default entered on November 6, 2006 (Doc. No. 12). The Plaintiff was ordered to file a motion for entry of default judgment, accompanied by an appropriate non-military affidavit if applicable, an affidavit of the amount due if applicable, a proposed order granting the motion, and a proposed final judgment (Doc. No. 12). The Plaintiff filed the Chapter 7 Trustee's Motion for Default Judgment on November 10, 2006 (Doc. No. 14) (the "Motion for Default Judgment"). The Motion for Default Judgment was properly and timely served on the Defendant (Doc. No. 14).

The Defendant did not respond to the Motion for Default Judgment or appear at the hearing on the Motion for Default Judgment held on December 21, 2006. At the conclusion of the hearing, the Bankruptcy Court indicated that, in accordance with 28 U.S.C. § 157(c)(1), it would submit proposed findings of fact and conclusions of law to the District Court upon the Plaintiff filing an affidavit of damages. The Plaintiff filed the Chapter 7 Trustee's Affidavit on

December 27, 2006 (Doc. No. 15) (the "Affidavit of Damages") wherein the Trustee indicates that, based upon a review of the Debtors' book and records, the total amount due the Debtors from the Defendant is $14,280.25, which consists of $2,632.98 for prepetition accounts receivable and $11,647.27 for postpetition accounts receivable.

Given the foregoing, the Court proposes the following findings of fact and conclusions of law in accordance with 28 U.S.C. § 157(c)(1):

## II. FINDINGS OF FACT

The Debtors filed chapter 11 bankruptcy petitions on July 20, 2005, and their cases were converted to chapter 7 on October 21, 2005. The Plaintiff was appointed chapter 7 trustee. On July 11, 2006, the Plaintiff filed the Complaint against the Defendant pursuant to 11 U.S.C. § 542 seeking the turnover of prepetition and postpetition accounts receivable due the Debtors' estates. On July 17, 2006, the Plaintiff properly and timely served the Summons and the Complaint on the Defendant. The Defendant is not an infant or incompetent person. The Defendant failed to file a response in the form of an answer and failed to appear by an attorney as ordered by the Court. Accordingly, the Court entered default against the Defendant. The Plaintiff then filed the Motion for Default Judgment which was properly and timely served on the Defendant. The Defendant failed to respond. The Plaintiff's Affidavit of Damages indicates the total amount due the Debtors from the Defendant is $14,280.25. Outstanding prepetition accounts receivable total $2,632.98 and outstanding postpetition accounts receivable total $11,647.27.

## III. CONCLUSIONS OF LAW

The collection of postpetition accounts receivable is a core proceeding. <u>Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.)</u>, 815 F.2d 165 (1st Cir. 1987) (concluding that the debtor's legal action to collect an account receivable, arising out of a contract made postpetition and as part of the debtor's efforts to liquidate its estate assets, was a core proceeding over which the bankruptcy court had jurisdiction). However, the collection of prepetition accounts receivable is not a core proceeding. <u>Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.</u>, 458 U.S. 50 (1982) (concluding that bankruptcy courts lacked jurisdiction to decide a debtor's prepetition contract claims arising under state law). The claims the Plaintiff asserts against the Defendant involve not only core proceedings but non-core proceedings over which the Bankruptcy Court has limited jurisdiction. A bankruptcy judge may enter final judgments in core proceedings. 28 U.S.C. § 157(b)(1). However, in a proceeding that is not a core proceeding, absent the consent of all parties, the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court for entry of any final order or judgment. 28 U.S.C. § 157(c). The Defendant in this proceeding has not consented to the entry of a final order or judgment in the non-core portions of the Plaintiff's claims in this adversary proceeding. While the Bankruptcy Court could enter a final judgment on the core portion of the Plaintiff's claims, the interests of clarity, simplicity and judicial economy would be served if the District Court entered one final order and/or judgment for the entire claim.

The Defendant has failed to properly defend against the Plaintiff's allegations in the Complaint and in the Motion for Default Judgment. Through her Complaint, the Motion for Default Judgment, and the Affidavit of Damages, the Plaintiff has established that the Debtors supplied certain goods to the Defendant both prepetition and postpetition for which the Debtors

4

did not receive payments. The Plaintiff seeks a sum certain against the Defendant as damages, i.e., $14,280.25, which amount has been established by the Plaintiff's Affidavit of Damages. Accordingly, the Motion for Default Judgment should be granted and a default judgment in the amount of $14,280.25, consisting of $2,632.98 for prepetition accounts receivable and $11,647.27 for postpetition accounts receivable, should enter against the Defendant.

## IV. CONCLUSION

For the reasons outlined above, the Bankruptcy Court hereby proposes that the District Court grant the Motion for Default Judgment and enter default judgment against the Defendant.

ENTERED at Manchester, New Hampshire.

Date:  January 9, 2007  /s/ J. Michael Deasy
J. Michael Deasy
Bankruptcy Judge